UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDRE ANTROBUS,

                Plaintiff,                23-CV-7038 (JMF)

    -v-                ORDER OF SERVICE

N.Y.C. DEPARTMENT OF CORRECTION et al.,

                Defendants.
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff, who is currently incarcerated at George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants — the New York City Department of Correction ("DOC"); the City of New York; and "unknown employees" — violated his federally protected rights. By Order dated August 11, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees.[1] Although Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service, *see Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013), the Court requests that the City of New York waive service of summons.

## BACKGROUND

      In his original complaint, Plaintiff alleged that Defendants: (1) violated his "religious rights" by denying him razors, which he needs to "cut [his] underarm, pubic and etc. hairs so [he] can perform [his] religious offerings"; (2) blocked" and "open[ed]" his mail; (3) seized

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(b)(1).

"favorable exonerating evidence"; and (4) "attack[ed] and spray[ed] him" without cause, and paid other detainees to assault him. ECF No. 1.

By *sua sponte* Order dated October 10, 2023, Chief Judge Swain directed Plaintiff to file an amended complaint to provide sufficient facts to state plausible claims under Section 1983. ECF No. 6. Because Plaintiff did not file an amended complaint, the Chief Judge issued an Order on January 19, 2024, dismissing the complaint for failure to state a claim on which relief may be granted. ECF No. 9. On May 28, 2024, Plaintiff requested an extension of time to file an amended complaint, claiming that his mail had been "blocked. ECF No. 10 at 7. The Chief Judge reopened the case and granted Plaintiff leave to file an amended complaint. The Court received an amended complaint from Plaintiff on December 17, 2024, ECF No. 12-14, and the matter was reassigned to the undersigned.

In his amended complaint, Plaintiff alleges that DOC confiscated his razors because he resides in a mental health unit; that he is only allowed to shave once every other month; and that his religion, Islam, requires him to "cleanse" himself by shaving his underarms and pubic hair so that he can "talk to God." ECF No. 14 ¶ III. The Court construes this claim as arising under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Plaintiff further asserts, in one sentence and without factual enhancement, that he can't "send mail," "possess any evidence 'blocking defense,'" or make copies of documents from discovery.[2] *Id.*

---

[2] Plaintiff did not reallege the assault/excessive force claim. ECF 14.

**DISCUSSION**

First, Plaintiff's claims against Defendant DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Second, for the reasons set forth in Chief Judge Swain's October 10, 2023 Order, Plaintiff has failed to state a claim with respect to his allegations about interference with his mail, the "blocking" of his "defense," and the inability to make copies from discovery. *See* ECF No. 6, at 5-9. Such claims are accordingly dismissed. However, Plaintiff's allegations regarding his religious exercise may proceed under the First Amendment and RLUIPA.

**CONCLUSION**

For the reasons discussed above, the Court dismisses DOC as a Defendant and, apart from Plaintiff's claims arising under the First Amendment and RLUIPA, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court requests that the City of New York waive service of summons.[3]

---

[3] The amended complaint does not appear to contain sufficient information for DOC or the New York City Law Department to identify any individual defendants in connection with Plaintiff's allegations. Plaintiff may move to file an amended complaint to add the names of any individual defendants he discovers should this matter proceed.

3

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Clerk of Court is further directed to mail a copy of this Order and an information package to Plaintiff.

SO ORDERED.

Dated: April 15, 2025
      New York, New York

                                              JESSE M. FURMAN
                                      United States District Judge